UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:90-CR-24-S-1

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.

EDWARD LEE CRUM                                                 DEFENDANT/MOVANT

## MEMORANDUM OPINION AND SHOW CAUSE ORDER

**I.**

The movant, Edward Lee Crum, file this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 58). The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. Because the motion appears to be barred by the applicable statute of limitations, the Court will direct Crum to show cause why his motion should not be denied and his action dismissed as untimely.

Crum pleaded guilty to violations of 18 U.S.C. § 2113 and § 924(c)(1) for his involvement in a bank robbery in which a firearm was used. His judgment of conviction was entered on August 31, 1990. Crum filed the instant § 2255 motion on July 28, 2010. In his motion, Crum claims that the Sixth Circuit's recent opinion in *United States v. Almany*, 598 F.3d 238, 240 (6th Cir. 2010), renders his sentence invalid.[1]

**II.**

Initially, the Court must determine whether Crum's motion is timely. The Antiterrorism

---

[1] In *Almany*, the Sixth Circuit held that the five-year mandatory consecutive prison term imposed by 18 U.S.C. § 924(c)(1)(A) does not apply when the defendant is also subject to a higher mandatory sentence for another offense. *Id.*

and Effective Death Penalty Act, which became effective on April 24, 1996, amended § 2255 by adding a time-limit provision. Section 2255(f) provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This provision applies to Crum's case even though his conviction became final prior to its enactment. *See Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). However, he had a one-year grace period, until April 24, 1997, to file a motion under section 2255. He did not do so. Crum states that this is the first § 2255 motion he has filed since AEDPA was enacted.[2]

Relying on subsection (4) Crum argues that his § 2255 motion should not be considered

---

[2]Crum filed a habeas petition in 1991. However, since that petition preceded the effective date of the AEDPA, Crum is not required to comply with requirements of § 2244 for second or successive petitions. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) ("We therefore hold that a federal prisoner must satisfy the new requirements of 28 U.S.C. § 2255 only if he has filed a previous § 2255 motion on or after April 24, 1996, the date AEDPA was signed into law. As Hanserd's previous § 2255 motion was filed before that date, he does not need to meet this new standard to file a second motion.").

time-barred because he filed it within one year of the *Almany* decision. The problem with this argument is that subsection (4) runs from the date that "the facts supporting the claim . . . could have been discovered." The factual basis of a claim is distinct from its legal basis. The relevant inquiry is when were the facts discoverable with due diligence, not when the possible legal significance of those facts became apparent to Crum. *See E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006) (rejecting the movant's argument that an Eighth Circuit decision constituted "a new fact" under § 2255(f)(4)); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding that a state court decision arguably helpful to the petitioner's claim did not constitute a factual predicate for that claim). The factual basis of Crum's claim was discoverable in 1990 when he was sentenced. He had until April 24, 1997, to file a motion. The current motion is untimely by over a decade.

Judge Todd Campbell sitting in the Middle District of Tennessee reached this same conclusion in a nearly identical case, finding:

> In this instance, the movant asserts that his Motion is timely because the limitation period did not begin to run until the date on which the factual basis of his claim was discovered, *i.e.*, the date that the decision was rendered in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). The movant's reliance on *Almany* is misplaced, however, as the *Almany* decision does not constitute "facts supporting the claim." 28 U.S.C. § 2255(f)(4). The movant has not alleged any impediment that prevented him from filing his Motion any earlier. 28 U.S.C. § 2255(f)(2). Nor has he cited any Supreme Court case that might be retroactively applicable to his situation. 28 U.S.C. § 2255(f)(3). As a consequence, the one year period of limitation began to run for the movant on the date that his convictions became final. 28 U.S.C. § 2255(f)(1).
>
> The movant was sentenced on November 8, 2004. His convictions became final ten (10) days later, on November 18, 2004, when the time for filing a direct appeal had expired. See Rule 4(b)(1)(A), Fed. R. App. P. n2. Thus, the limitation period for the

filing of this action expired one year from that date, on November 18, 2005. The instant § 2255 motion was not filed until June 9, 2010, more than four years after the limitation period had elapsed. This action, therefore, is untimely.

*Demonbreum v. United States*, No. 3:02-00130, 2010 U.S. Dist. LEXIS 77049, at *4-5 (M.D. Tenn. July 29, 2010).

Additionally, the Court observes that § 2255 explicitly addresses application of the one-year period to motions based upon a newly-recognized rule of law. Subsection (3) provides that the one-year period runs from the date upon which the *United States Supreme Court* recognizes a new rule of law made retroactively applicable to cases on collateral review. Accordingly, this Court must conclude that Congress deliberately limited subsection (3) to new rules recognized by the Supreme Court and must decline to expand that subsection by characterizing the decision of a lower court as a new "fact" within the meaning of subsection (4).

Based on its review, the Court finds that Crum's motion should be denied because it is untimely. Before denying the motion on this ground, however, the Court will provide Crum with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198 (2006). **WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this Order, Crum must show cause why his § 2255 motion should not be denied as barred by the applicable one-year statute of limitations. <u>Crum is WARNED that failure to respond within the time allotted will result in denial of his motion for the reasons set forth herein.</u>**

Date:

cc: Movant, *pro se*

4411.008