# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CRIMINAL ACTION NO. 3:90-CR-24-S-1

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.

EDWARD LEE CRUM                                                   DEFENDANT/MOVANT

## MEMORANDUM OPINION

### I.

The movant, Edward Lee Crum, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 58).  The matter came before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts.  Because the motion appeared to be barred by the applicable statute of limitations, the Court directeded Crum to show cause why his motion should not be denied and his action dismissed as untimely.  Crum has responded.  After having considered the response, the Court concludes that Crum's motion is untimely and must be dismissed.

Crum pleaded guilty to violations of 18 U.S.C. § 2113 and § 924(c)(1) for his involvement in a bank robbery in which a firearm was used.  His judgment of conviction was entered on August 31, 1990.  Crum filed the instant § 2255 motion on July 28, 2010.  In his motion, Crum claims that the Sixth Circuit's recent opinion in *United States v. Almany*, 598 F.3d 238, 240 (6th Cir. 2010), renders his sentence invalid.[1]

---

[1] In *Almany*, the Sixth Circuit held that the five-year mandatory consecutive prison term imposed by 18 U.S.C. § 924(c)(1)(A) does not apply when the defendant is also subject to a higher mandatory sentence for another offense.  *Id.*

## II.

Initially, the Court must determine whether Crum's motion is timely. The Antiterrorism and Effective Death Penalty Act, which became effective on April 24, 1996, amended § 2255 by adding a time-limit provision. Section 2255(f) provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This provision applies to Crum's case even though his conviction became final prior to its enactment. *See Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). However, he had a one-year grace period, until April 24, 1997, to file a motion under section 2255. He did not do so. Crum states that this is the first § 2255 motion he has filed since the AEDPA was enacted.[2]

---

[2] Crum filed a habeas petition in 1991. However, since that petition preceded the effective date of the AEDPA, Crum is not required to comply with the requirements of § 2244 for second or successive petitions. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) ("We therefore hold that a federal prisoner must satisfy the new requirements of 28 U.S.C. § 2255 only if he has filed a previous § 2255 motion on or after April 24, 1996, the date AEDPA was signed into law. As Hanserd's previous § 2255 motion was filed before that date, he does not need to

Relying on subsection (4) Crum argues that his § 2255 motion should not be considered time-barred because he filed it within one year of the *Almany* decision. The problem with this argument is that subsection (4) runs from the date that "the facts supporting the claim . . . could have been discovered." The factual basis of a claim is distinct from its legal basis. The relevant inquiry is when were the facts discoverable with due diligence, not when the possible legal significance of those facts became apparent to Crum. *See E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006) (rejecting the movant's argument that an Eighth Circuit decision constituted "a new fact" under § 2255(f)(4)); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding that a state court decision arguably helpful to the petitioner's claim did not constitute a factual predicate for that claim). The factual basis of Crum's claim was discoverable in 1990 when he was sentenced. He had until April 24, 1997, to file a motion. The current motion is untimely by over a decade. *See Demonbreum v. United States*, No. 3:02-00130, 2010 U.S. Dist. LEXIS 77049, at *4-5 (M.D. Tenn. July 29, 2010).

Additionally, the Court observes that § 2255 explicitly addresses application of the one-year period to motions based upon a newly-recognized rule of law. Subsection (3) provides that the one-year period runs from the date upon which the *United States Supreme Court* recognizes a new rule of law made retroactively applicable to cases on collateral review. Accordingly, this Court must conclude that Congress deliberately limited subsection (3) to new rules recognized by the Supreme Court and must decline to expand that subsection by characterizing the decision of a lower court as a new "fact" within the meaning of subsection (4).

---

meet this new standard to file a second motion.").

In his response to the show cause Order, Crum has merely tried to repackage his prior argument under the doctrine of equitable tolling. The *Almany* decision is not the kind of extraordinary circumstance necessary to justify application of equitable tolling. Additionally, Crum suggests that if § 2255 relief is not presently available, he should be able to pursue a 28 U.S.C. § 2241 habeas action predicated on *Almany*. However, § 2255's savings clause is not available unless there is an intervening change in the law that establishes actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Crum has not claimed actual innocence. To the contrary, Crum's argument assumes guilt on the charges. He merely argues that the sentence imposed for his guilt is now incorrect based on *Almany*. He may not rely on § 2241 in this situation. *See Sosa v. Shartle,* No. 1:10CV0769, 2010 U.S. Dist. LEXIS 79086 (N.D. Ohio Aug. 4, 2010).

Finally, Crum asks the Court to stay this matter because a petition for certiorari was filed in the *Almany* case. Crum states that if the United States Supreme Court grants certiorari then it is possible that they might rule in such a way that would make the *Almany* decision retroactive. This is far too remote to justify a stay, especially since there is no fee for filing a § 2255 motion, and where a decision favorable to Crum would reopen the statute of limitations for a year.

For the reasons set forth above, the Court concludes that Crum's petition must be dismissed as untimely.

**III.**

A district court must issue or deny a certificate of appealability ("COA") and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district

judge is always required to comply with § 2253(c)(2) & (3) by 'indicating which specific issue or issues satisfy the showing required, ' 28 U.S.C. § 2253(c)(3), i.e., a 'substantial showing of the denial of a constitutional right.'") (citing 28 U.S.C. § 2253(c)(2)).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:




cc: Movant, *pro se*
      Counsel of Record

4411.008