UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:90-CR-24-S-1

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

v.

EDWARD LEE CRUM                                              DEFENDANT/MOVANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to reconsider by the movant, Edward Lee Crum.

Crum pleaded guilty to violations of 18 U.S.C. § 2113 and § 924(c)(1) for his involvement in a bank robbery in which a firearm was used. His judgment of conviction was entered on August 31, 1990. Crum filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.§ 2255 in this Court a decade later on July 28, 2010. In his motion, Crum argued that the Sixth Circuit's recent opinion in *United States v. Almany*, 598 F.3d 238, 240 (6th Cir. 2010), rendered his sentence invalid. In *Almany*, the Sixth Circuit held that the five-year mandatory consecutive prison term imposed by 18 U.S.C. § 924(c)(1)(A) does not apply when the defendant is also subject to a higher mandatory sentence for another offense. *Id.*

Upon review under Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts, the Court dismissed Crum's petition as barred by the one-year statute of limitations. Crum now argues in his motion to reconsider that at the very least the Court should have held his petition in abeyance pending a decision by the United States Supreme Court in *United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009). Crum explains that in *Abbott* the Third Circuit ruled contrary to the Sixth Circuit's decision in *Almany*. Crum states in his motion to reconsider that he anticipates that the Supreme Court will reverse *Abbott,* side with the Sixth

Circuit, and make its decision retroactive to cases on collateral review.

Earlier this week, the Supreme Court released its Opinion in *Abbott*. The Supreme Court did not decide the case in quite the way Crum anticipated. The Supreme Court actually affirmed the Third Circuit holding that:

> a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.

*Abbott v. United States*, Nos. 09-479 and 09-7073, 2010 U.S. LEXIS 9008 (U.S. Nov. 15, 2010). The Supreme Court's holding in *Abbott* abrogates the *Almany* decision. Thus, not only is Crum's petition time barred, it is now substantively without merit.

For the reasons set forth above, and in the Court's prior Memorandum Opinion, Crum's motion to reconsider (DN 63) is **DENIED**.

Being satisfied that no jurists of reason could find this ruling to be debatable, a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **DENIED**.

Date:

cc: Movant, *pro se*
 Counsel of Record

4411.008